## Rhoda Ackley et al., Plffs. in Err., v. Daniel Ackley.

Evidence adduced of circumstances under which a sole grantee in a deed was reimbursed by his brother for half the purchase money,—*Held* sufficient to show that the transaction created a resulting trust valid against the grantee, and was not a parol sale of a half interest.

(Decided October 19, 1885.)

Error to the Common Pleas of Greene County to review a judgment granting partition to plaintiff. Affirmed.

This was an action commenced by Daniel Ackley against Rhoda, Ellsworth, and Richard Ackley, devisees under the will of Joshua Ackley, deceased, to compel partition of a parcel of land. The title to the land was originally in one Samuel Teagarden, who conveyed it by deed dated February 4, 1828, to Joshua Ackley. Defendants claimed that Joshua paid the full consideration, made valuable improvements upon the land, and exercised the rights and held the title as sole owner of the land. Plaintiff conceded that Samuel Teagarden conveyed to Joshua

NOTE.—Oral testimony to establish resulting trusts must be clear, explicit, and unequivocal. Jackson's Appeal (Pa.) 8 Atl. 870; Serfass v. Serfass, 14 Pa. Co. Ct. 97; Hoover v. Hoover, 129 Pa. 201, 19 Atl. 854. All the facts and circumstances attendant upon the transaction may be proved for the purpose of showing what the intention of the parties really was. Crouse v. Crouse, 7 Kulp, 363. The court should not submit the question of the existence of the trust to the jury where the evidence is insufficient to sustain a verdict. Gilchrist v. Brown, 165 Pa. 275, 30 Atl. 839. The act of June 4, 1901 (P. L. 425) made such resulting trusts void as to creditors or purchasers without notice, unless a declaration of trust be filed in the office for the recording of deeds, or an action of ejectment be begun.

As to establishment of resulting trust by parol evidence, see editorial note to Hinton v. Pritchard, 10 L. R. A. 401.

Ackley as alleged, but denied that his brother was sole owner of the land. He alleged that the purchase of the land by Joshua was for the plaintiff and his mother, as well as for Joshua, and that a certain wagon brought by him from the east was given in part payment on the land, and that he paid one half of the residue of the purchase money. He further alleged that he had put improvements on the land, consisting of a dwelling house, and had assisted in building a barn and in clearing up the land; that himself and his brother had farmed the land in partnership until 1853, from which time each had worked a portion independently; and that these facts created in him an estate in common with his brother.

Defendants denied that plaintiff had any interest in the land or had paid any part of the purchase money. They averred that plaintiff and Joshua held other lands as tenants in common, and that plaintiff could not maintain this action because it did not include all the lands held together undivided with said Joshua. Plaintiff offered parol evidence to prove that the property in controversy was purchased jointly, and that it had since been held by a joint possession. This was objected to on the ground that it tended to prove the title to land by parol, and therefore was against the statute of frauds.

The evidence having been admitted, the jury found a verdict for plaintiff, and, judgment having been entered, the defendants brought error.

*J. P. Teagarden* and *A. A. Purman,* for plaintiffs in error.— Plaintiff tried to create title in himself by parol to one half of the land in dispute, and also to show that he and the defendants held together and undivided the said land. This, in an action of partition, cannot be done. In the statutory action of partition, the issue is whether the plaintiff and the defendant hold together and undivided the land in dispute. Bates v. M'Crory, 3 Yeates, 193. How, then, could the jury in this form of action try the question whether the plaintiff was a party to the original purchase, and whether he had paid one half of the purchase money. See McKee v. Straub, 2 Binn. 1; McClure v. McClure, 14 Pa. 137; Com. v. Burrell, 7 Pa. 38; Sweeny v. Meany, 1 Miles (Pa.) 167; Coleman v. Coleman, 19 Pa. 100, 57 Am. Dec. 641; McCandless's Appeal, 98 Pa. 492; Martin v. Martin, 17 Serg. & R. 434.

The object and purpose of an action in partition is merely a separation of the share, part, or purpart of one party, from the share, part, or purpart of another, and never to create title or estate in one or other of the parties. A partition, in the proper sense of the term, leaves the title of the parties just as it was. Goundie v. Northampton Water Co. 7 Pa. 238; Allen v. Hall, 50 Me. 263; Kane v. Parker, 4 Wis. 123; Marvin v. Titsworth, 10 Wis. 320; Brown v. Bulkley, 11 Cush. 168.

A trust results, if at all, from the original transaction, at the time it takes place, and at no other time; and it is founded on the actual payment of money, and on no other ground. A resulting trust, not within the statute of frauds and which may be shown by parol, is when the purchase is made with the proper moneys of the *cestui que trust* and the deed is not taken in his name; the trust must have been coeval with the writing or deed, or it cannot exist at all. After a party has made a purchase with his own moneys or credit, the subsequent reimbursement cannot, by any retrospective effect, produce a resulting trust. Edwards v. Edwards, 39 Pa. 369; Bayley v. Boulcott, 4 Russ. Ch. 345; Botsford v. Burr, 2 Johns. Ch. 405, 414; Dyer v. Dyer, 2 Cox. Ch. Cas. 92, and 1 Lead. Cas in. Eq. 202; see also Angell, Limitations of Actions, 458, 444; Cross's Appeal, 97 Pa. 471; Mather v. Trinity Church, 3 Serg. & R. 511, 8 Am. Dec. 663.

Where parties are in possession of land, the law adjudges the possession to be in him who has the legal title or best right. Burns v. Swift, 2 Serg. & R. 439; Hall v. Powel, 4 Serg. & R. 465, 466, 8 Am. Dec. 722; Mathews, Presumptive Ev. 14, 15.

Parol evidence to establish a resulting trust should be clear and satisfactory, direct, positive, express, and unambiguous. Lloyd v. Carter, 17 Pa. 216; Poorman v. Kilgore, 37 Pa. 309; Sower v. Weaver, 78 Pa. 443; Ackerman v. Fisher, 57 Pa. 457; Edwards v. Morgan, 100 Pa. 336; Irwin v. Irwin, 34 Pa. 525. See also Grubbs v. McDonald, 91 Pa. 236; Burger v. Dankel, 100 Pa. 118; Shellhammer v. Ashbaugh, 83 Pa. 24; Charnley v. Hansbury, 13 Pa. 16.

Any parol contract or arrangement to purchase land jointly is within the statute of frauds and perjuries. Henley v. Brown, 1 Stew. (Ala.) 144.

Equity will not consider the purchase to be made for the equal benefit of the parties, unless the party not named in the conveyance can show, by such evidence as heretofore stated,

that he was a party to the original purchase at the time it was made, and actually paid a full share of the purchase money before the deed was executed and delivered. Jackman v. Ringland, 4 Watts & S. 149; Kisler v. Kisler, 2 Watts, 323, 27 Am. Dec. 308; Sample v. Coulson, 9 Watts & S. 62; Barnard v. Jewett, 97 Mass. 87; Edwards v. Edwards, 39 Pa. 369; Williard v. Williard, 56 Pa. 119.

An allegation of a resulting trust must fail, unless a full share of the consideration is proved to have been paid. Re Evans, 2 Ashm. (Pa.) 470, 482; McGowan v. McGowan, 14 Gray, 119, 74 Am. Dec. 668; Sayre v. Townsend, 15 Wend. 647; White v. Carpenter, 2 Paige, 217; Perry v. McHenry, 13 Ill. 227; Reynolds v. Morris, 17 Ohio St. 510.

Money must be paid as a definite aliquot part of the consideration of the purchase, to create a definite aliquot estate in the property. White v. Carpenter, 2 Paige, 218, 239; Freeman v. Kelly, Hoffm. Ch. 90; Smith v. Burnham, 3 Sumn. 435, 463, Fed. Cas. No. 13,018.

Consider this case on every ground, and it is destitute of equity and of such evidence as the law requires to make out a resulting trust. Bispham, Eq. 2d ed. 121, § 8; Baker v. Vining, 30 Me. 127, 50 Am. Dec. 617; Dudley v. Bachelder, 53 Me. 408.

It is not competent for a tenant in common to enforce partition as to a part of the common estate. He must go for a partition of the entire estate if he would divide any part. Washb. Real Prop. 447, § 6; Duncan v. Sylvester, 16 Me. 388; Colton v. Smith, 11 Pick. 311, 22 Am. Dec. 375; Bigelow v. Littlefield, 52 Me. 25, 83 Am. Dec. 484; Sutter v. San Francisco, 36 Cal. 116; Hanson v. Willard, 12 Me. 145; Miller v. Miller, 13 Pick. 237; Sweeny v. Meany, 1 Miles (Pa.) 168; Freeman, Cotenancy, § 508; Rex v. Rex, 3 Serg & R. 533.

*Wyly, Buchanan, & Walton,* for defendant in error.—A question of title can be tried by an action of partition. If the plaintiff, instead of bringing this action of partition, had brought an action of ejectment, it is certain he would have failed. Stewart v. Brown, 2 Serg. & R. 461; Willing v. Brown, 7 Serg. & R. 467; Galbreath v. Galbreath, 5 Watts, 146; Law v. Patterson, 1 Watts & S. 184; Bellas v. Graham, 3 Am. L. J. 64; Longwell v. Bentley, 23 Pa. 99.

A trust resulting by operation of law from the payment of the purchase money for land is not within the statute of frauds and perjuries, and may be proved by parol evidence; and in such cases it is error to apply the rule that parol contracts for the sale of land can be shown only by express agreement. Beck v. Graybill, 28 Pa. 66.

Resulting trusts as to land may be established by parol and may be enforced by ejectment. The mere fact that the property was paid for with the money of the claimant is sufficient to establish, prima facie, a trust in his favor, liable to be overthrown by proof that the payment was a gift of the money to the grantee of the legal title. Where the purchase money was shown to have been paid by one, but the conveyance was to another, and possession was taken by the latter immediately after the conveyance and continued for above twenty-five years, it was error in the court to charge that the trust could be shown only by an express agreement by the latter to hold the land to the use of the former. A trust arose by operation of law. Lynch v. Cox, 23 Pa. 265; Williard v. Williard, 56 Pa. 120; Lacy v. Hall, 37 Pa. 360.

An ouster of the other heirs by him who enters on real estate can only be by some clear, positive, and unequivocal act amounting to an open denial of their right and putting them out of the seisin. Watson v. Gregg, 10 Watts, 289, 36 Am. Dec. 176; Peck v. Ward, 18 Pa. 506; Forward v. Deetz, 32 Pa. 69.

PER CURIAM:

This is not the case of a parol sale of land. It is a resulting trust. It arose from the payment of a portion of the purchase money at the time of the purchase. It does not rest on a subsequent agreement. The evidence is clear, specific, and most ample to establish the agreement of the parties to purchase for their joint benefit, followed by the purchase in pursuance of that agreement, and a joint payment of the purchase money.

This was followed by a joint possession of some fifty years. During this time large and valuable improvements were made thereon at their joint expense, and the right of each to a share in the land was frequently admitted by Joshua Ackley, in express and clear language.

The evidence to establish the trust was amply sufficient to submit to the jury and justifies the verdict.

Judgment affirmed.